

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0451-24

### LARRY DEWITT JACKSON, JR., APPELLANT

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS WASHINGTON COUNTY

SCHENCK, P.J., FILED A CONCURRING OPINION.

## CONCURRING OPINION

The facts that we know of this case are deeply troubling, and I echo Judge

Finley's disgust. However, I join the Court in dismissing Appellant's petition for

discretionary review as improvidently granted. I, like others on this Court, believe

outstanding factual questions remain to be answered before we can make a final determination relative to counsel's possible rationale here.[1]

It is true that ineffective-counsel claims can be raised on direct appeal and that a defendant is even rarely able to prove he is entitled to relief on what is usually a record devoid of any significant fact finding about his claim.[2] But we have also repeatedly emphasized that the record is seldom sufficiently developed.[3] And, even if there is relevant evidence in the record, neither the courts of appeals nor this Court are factfinders on appeal.[4] This is especially true of claims of ineffectiveness of counsel, which come burdened with "a strong presumption" that counsel's actions

---

[1] "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." This Court has repeatedly reaffirmed these requirements. *Tanner v. State*, 707 S.W.3d 371, 377 (Tex. Crim. App. 2024) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)) (stating that ineffective-assistance-of-counsel claims usually fail on direct appeal).

[2] That is why this Court has also held a defendant gets a "second bite at the apple" postconviction when the record is insufficiently developed on appeal. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). That is, he can file an application alleging the same claim, and the application is not considered a subsequent one barring this Court from reaching the merits. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (subsequent-writ bar).

[3] Appellant could have further developed the factual record via a motion for new trial. *See* TEX. R. APP. P. 21.7 ("The court may receive evidence by affidavit or otherwise."); *see id.* ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record.").

[4] *But see Ex parte Jimenez*, 364 S.W.3d 866, 870 (Tex. Crim. App. 2012) (stating that the Court of Criminal Appeals is the ultimate factfinder on in postconviction writ proceedings) (citing *Ex parte Reed*, 271 S.W.3d 727-28 (Tex. Crim. App. 2008)).

(or inaction) falls with a "wide range of reasonable professional assistance. *Strickland v. Washington,* 466 U.S. 668, 689 (1984). As a result, the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 100–01 (1955)).

I share Judge Finley's concern about counsel's apparent decision to boycott or at least openly pout in response to adverse rulings. Still, we do not know what counsel may have been thinking or whether, for example, like conduct had prompted some form of "correction" or otherwise yielded favorable results in like circumstances in other cases. And while I also doubt that this or some other like explanation obtains or could be credited as within the presumption of minimum competence, I am not prepared to speculate as to its absence.

The appropriate place for this claim to be litigated in my view is in a postconviction habeas proceeding because a habeas court has the authority to make findings of fact by "order[ing] affidavits, depositions, interrogatories, . . . and hearings." TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(d). A habeas judge can also use his personal recollection about the case, something this Court obviously cannot do. *Id.* Thereafter, we will have the benefit of not only a record and findings and

recommendations from the relevant court, but also briefing from the partes, which can include whether *United States v. Cronic*, 466 U.S. 648 (1984) applies in this case.

I join the majority in dismissing Appellant's petition for discretionary review as improvidently granted.

Filed: December 19, 2025

Publish